UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MICHAEL HURLEY,**

    **Plaintiff,**

**v.**                                                        **Case No. 8:23-cv-327-MSS-NHA**

**SECRETARY, DEPARTMENT OF CORRECTIONS,** *et al.***,**

    **Defendants.**
_____/

**O R D E R**

Hurley, a state prisoner, sues the United States, the State of Florida, and the Secretary for the Florida Department of Corrections for federal civil rights violations. (Doc. 6) Hurley, who paid the filing fee, served the amended complaint on the Secretary. (Doc. 9) Hurley moves for a preliminary injunction and appointment of counsel (Docs. 7, 15, 23, and 24), moves for service of his amended complaint on the United States and the State of Florida (Docs. 15 and 28), and requests that the United States and the State of Florida waive sovereign immunity and immunity under the Eleventh Amendment. (Doc. 25) Hurley further files a notice of default against the United States and the State of Florida (Doc. 26). The United States enters a limited appearance and responds to the notice. (Doc. 27)

In his amended complaint, Hurley alleges that a state prosecutor in Hillsborough County, Florida, charged him with six crimes, the trial court granted the defense motion to sever several counts, the trial court appointed new counsel to represent Hurley in the new case with the severed counts, new counsel moved for a continuance, and Hurley objected. (Doc. 6 at 22–23) After conducting a hearing to comply with *Faretta v. California*, 422 U.S. 806 (1975),

1

the trial court denied Hurley's request to represent himself, instead permitted him to act as "co-counsel," and granted new counsel a continuance. (Doc. 6 at 23–24)

Hurley alleges that, sixty days later, the trial court permitted him to represent himself without conducting a *Faretta* hearing. (Doc. 6 at 24) After the case was transferred to a new division, the successor judge joined all counts and permitted Hurley to represent himself at trial on all counts. (Doc. 6 at 24–25) Hurley contends that, after a jury found him guilty, appointed counsel failed to request transcripts to demonstrate that the successor judge erroneously joined the charges and failed to comply with *Faretta*. (Doc. 6 at 24–25) He further contends that he attempted to raise these claims post-conviction and the post-conviction court denied the claims as procedurally defaulted and meritless. (Doc. 6 at 26) He contends that his appellate counsel on direct appeal refused to provide Hurley documents missing from the record. (Doc. 6 at 28)

Hurley further asserts that, on direct appeal and during post-conviction proceedings, prison officials failed to comply with an injunction in *Hooks v. Moore*, Nos. 3:71-cv-144-HLA-JK (M.D. Fla.) and 3:71-cv-1011-HLA-JBT (M.D. Fla.), requiring the prison to provide him access to a prison law library managed by qualified librarians and law clerks. (Doc. 6 at 27) Because a prison law clerk failed to type the proper oath on Hurley's post-conviction motion, the post-conviction court dismissed the motion as facially deficient. (Doc. 6 at 28–29) Because of the prison law clerk's erroneous advice, a federal court dismissed Hurley's petition for a writ of habeas corpus as time barred. (Doc. 6 at 29)

Hurley unsuccessfully petitioned the state supreme court for relief asserting that the prison denied his right to access to courts. (Doc. 6 at 28) A federal court dismissed, under 28 U.S.C. § 1915(e)(2)(B), Hurley's federal civil rights complaint asserting that the prison

2

denied his right to access to courts. (Doc. 6 at 29–30) The federal court determined that *Heck v. Humphrey*, 512 U.S. 477 (1994), barred the claim. (Doc. 6 at 30) Hurley contends that *Heck* did not bar his claim because he demanded injunctive relief. (Doc. 6 at 30) The court of appeals denied Hurley's request to appeal *in forma pauperis*. (Doc. 6 at 31) Hurley attempted to further challenge the prison's and the State of Florida's failure to provide meaningful access to the courts. A federal court determined that 28 U.S.C. § 1915(g), barred Hurley from filing further civil rights actions *in forma pauperis*. (Doc. 6 at 31–32) Hurley contends that the state courts also dismissed his claims under Section 57.085(6)(a), Florida Statutes, a statute that authorizes a state court to screen and dismiss a prisoner's complaint for failure to state a claim. (Doc. 6 at 32)

Consequently, Hurley asserts that the state court denied him the assistance of counsel under the Sixth Amendment and Fourteenth Amendment, the state court failed to comply with *Faretta* and protect his right to represent himself, and the prison failed to protect his constitutional right to access to courts. (Doc. 6 at 33–34) Hurley raises both facial and as-applied constitutional challenges to the following statutes, rules, and regulations (Doc. 6 at 35–97):

>   (1)  Section 27.51(1)(a), Florida Statutes, a statute that guarantees an indigent person who is charged with a felony the right to counsel (Count One and Count Two),
>
>   (2)  Rule 9.140(d)(1)(B), Florida Rules of Appellate Procedure, a rule requiring trial counsel to identify the transcripts necessary for direct appeal before withdrawing from representation (Count Three and Count Four),
>
>   (3)  28 U.S.C. § 2244(d)(1)(A), a statute requiring a person to file a petition for a writ of habeas corpus challenging a state court judgment no later than one year after the judgment becomes final (Count Five and Count Six),

3

(4) Section 944.023(1)(b), Florida Statutes, a statute that defines the "total capacity" of the state correctional system (Count Seven and Count Eight),

(5) Rule 33-501.301, Florida Administrative Code, a rule governing the administration of a prison law library (Count Nine and Count Ten),

(6) Section 960.293(2), Florida Statutes, a statute authorizing the State of Florida to recover money for the cost of incarceration from a prisoner (Count Eleven and Count Twelve),

(7) 28 U.S.C. § 1915(b)(1), a statute that authorizes a federal court to place a lien on an inmate account to pay for an indigent prisoner's filing fee (Count Thirteen and Count Fourteen),

(8) 28 U.S.C. § 1915A, a statute that authorizes a federal court to screen for sufficiency and frivolity a prisoner's complaint that raises a claim against a governmental entity or officer (Count Fifteen),

(9) 28 U.S.C. § 1915(g), a statute that bars from proceeding *in forma pauperis* a prisoner who suffers three or more dismissals of civil actions for frivolity or failure to state a claim (Count Sixteen and Count Seventeen),

(10) 42 U.S.C. § 1997e(c), a statute that authorizes a federal court to screen for sufficiency and frivolity a prisoner's complaint that raises a claim based on prison conditions (Count Eighteen and Count Nineteen),

(11) Section 57.085, Florida Statutes, a statute that authorizes a state court to place a lien on an inmate account to pay for a filing fee and to screen for sufficiency and frivolity an indigent prisoner's complaint (Count Twenty and Count Twenty-One), and

(12) Section 945.6038, Florida Statutes, a statute that authorizes a prison to place a lien on an inmate account for the cost of photocopies and postage for a prisoner's civil case (Count Twenty-Two and Count Twenty-Three).

Hurley demands the appointment of a special master, the appointment of class counsel, a judgment declaring that the above listed statutes, rules, and regulations violate the federal constitution both facially and as applied to Hurley, and compensatory damages for costs and fees that he incurred filing actions in state court, fifty thousand dollars for each year of his imprisonment, and punitive damages. (Doc. 6 at 97–124)

The Secretary moves to dismiss the amended complaint. (Doc. 11) Also, because Hurley, a prisoner, sues governmental entities and a governmental officer, the Court reviews whether the complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from relief. 28 U.S.C. § 1915A(b).

## STANDARD OF REVIEW

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Allegations in a *pro se* pleading are reviewed liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

## ANALYSIS

### Class Certification

Hurley alleges that he is a member of a class defined as "[a]ll persons who, now, or in the future will be incarcerated as inmates in a facility run by the Florida Department of Corrections [and] who have legal needs and no means by which to purchase legal assistance or advice." (Doc. 6 at 6) He demands that the Court appoint class counsel. (Doc. 6 at 98–99) The statute that permits a party to proceed *pro se* provides "a personal right that does not

extend to the representation of the interests of others." *Timson v. Sampson*, 518 F.3d 870, 873 (11th Cir. 2008) (citing 28 U.S.C. § 1654). Consequently, Hurley's construed motion for class certification is **DENIED**.

**Res Judicata**

In four earlier federal civil rights actions, Hurley raised claims based on the same facts alleged in the complaint in this case. In *Hurley v. Moore*, No. 4:01-cv-517-WS (N.D. Fla.), ECF No. 11, Hurley sued the State of Florida, the United States, the Secretary of the Florida Department of Corrections, Judge Donald Evans, Judge Cynthia Holloway, a prosecutor, two public defenders, and an appointed counsel. He asserted that the defendants conspired to violate his federal right to access to courts by waiving his federal right to a speedy trial, by failing to provide an adequate record on appeal, by failing to provide a prison law library managed by competent staff, by denying post-conviction relief, and by dismissing his federal habeas petition as time barred. No. 4:01-cv-517-WS (N.D. Fla.), ECF No. 11.

Judge William Sherrill recommended the dismissal of Hurley's amended complaint as follows (4:01-cv-517-WS (N.D. Fla.), ECF No. 15 at 2–7) (record citations omitted):

> Plaintiff has complained that in July of 1992, he was arrested and charged with three counts of sexual battery and three counts of lewd and lascivious acts. Plaintiff was assigned an assistant public defender, who has not been named as a defendant in this case. Plaintiff's case was assigned to Defendant Evans, a judge in the Thirteenth Judicial Circuit in the State of Florida. At some point, Defendant Espinosa, the assistant state attorney, Defendant Evans and Defendant Levinson (another assistant public defender) and Defendant Fernandez (court appointed attorney) allegedly conspired to waive Plaintiff's right to a speedy trial.
>
> Thereafter, Defendant Levinson filed a notice of conflict which Plaintiff contends is false. However, at a subsequent hearing, Plaintiff stated that he did not object to not being represented by the public defender's office and Defendant Fernandez was

appointed to represent Plaintiff. Defendant Fernandez then requested a continuance, but Plaintiff objected. Defendant Evans advised Plaintiff that his only two choices were to waive the right to speedy trial or waive the right to counsel and represent himself. Plaintiff chose to represent himself but, after a *Faretta* hearing, Defendant Evans denied Plaintiff's request to act as his own counsel. Defendant Fernandez remained as Plaintiff's attorney, but was apparently appointed as co-counsel for Plaintiff. Thereafter, Plaintiff was permitted to act as his own attorney with Defendant Fernandez acting as "stand-by counsel." Plaintiff contends that this decision was made without a *Faretta* inquiry. Plaintiff's case eventually went to trial before Judge Susan Bucklew and Plaintiff, while representing himself, was found guilty.

Plaintiff filed a direct appeal with counsel from the public defender's office appointed to represent him. Plaintiff appears to complain that pretrial proceedings were not made part of the record on appeal. At any rate, Defendant Ferreri was appointed as counsel and Plaintiff advised him of certain pretrial issues he wanted raised on direct appeal. Defendant Ferreri refused. The brief counsel submitted raised only one of several issues that Plaintiff had requested be raised, "that the trial court failed to do a proper [*Faretta*] inquiry." Plaintiff's direct appeal was denied by the Second District Court of Appeal. Thereafter, Plaintiff sought a writ of mandamus which was also denied by the appellate court.

Plaintiff complains that he was not given meaningful access to the prison library and that prison law clerks are not adequately trained and supervised. Plaintiff complains that his Rule 3.850 motion (typed by a prison law clerk) was dismissed, allegedly because it was not properly sworn. His motion for rehearing and the appeal of the denial of his Rule 3.850 motion were also denied. Plaintiff then filed another Rule 3.850 motion which was denied as being procedurally barred, as was his appeal.

He then filed a petition for writ of habeas corpus and complained that he was denied the effective assistance of appellate counsel. The petition was denied, his motion for rehearing was denied, and the Florida Supreme Court denied him relief, apparently also finding his claims procedurally barred.

Following that denial, Plaintiff filed a Section 2254 petition. It was eventually denied, the denial was affirmed by the Eleventh

7

Circuit, and the United States Supreme Court denied his petition for writ of certiorari.

Plaintiff's claims in this case are brought pursuant to, *inter alia*, 42 U.S.C. § 1983. A successful Section 1983 action requires a plaintiff to show he was deprived of a federal right by a person acting under "color of state law." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992) (citing *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155–57 (1978)). Public defenders [and] assistant public defenders are not "state actors" in this situation and are not liable under Section 1983. *Richardson v. Fleming*, 651 F.2d 366, 371 (5th Cir. 1981); *Slavin v. Curry*, 574 F.2d 1256, 1265 (5th Cir. 1978); *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985). The actions of defense counsel in this circumstance are the acts of a private party. Accordingly, Plaintiff may not raise these Section 1983 claims against Defendants Ferreri, Levinson, and Fernandez because the requirement of a "state actor" is absent. The claims against them should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Additionally, the absolute immunity of a defendant is one of a number of grounds which justifies dismissal under 28 U.S.C. § 1915(e)(2)(B)(iii). *Clark v. State of Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990) [ ]. A judge acting in his judicial capacity is entitled to absolute immunity from liability for damages under Section 1983 unless he acts in the "clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 355–57 (1978). In *Stump*, the Supreme Court set "forth a two-part test for determining when a judge is entitled to immunity from money damages liability when sued under Section 1983." *Simmons v. Conger*, 86 F.3d 1080, 1084 (11th Cir. 1996) (citing *Stump*, 435 U.S. [at 349]). "The first part of the test is whether the judge dealt with the plaintiff in a judicial capacity." *Simmons*, 86 F.3d at 1084–85 (quoting *Stump*, 435 U.S. at 362). In this case, it is clear that the Defendants Evans and Holloway acted within their judicial capacities.

The second part of the test looks at "whether the judge acted in the 'clear absence of all jurisdiction." 86 F.3d at 1085; 435 U.S. at 357 (quoting *Bradley v. Fisher*, [80 U.S. 335 (1871)]). It is evident that these two judges also satisfy the second part of the *Stump* test as they clearly had jurisdiction over Plaintiff. Therefore, the claims against Defendants Evans and Holloway must be dismissed as these Defendants are absolutely immune from suit for actions taken in their capacities as judges.

Additionally, Plaintiff's claims against Defendant [the Secretary of Florida Department of Corrections] and the State of Florida are barred by the Eleventh Amendment. The Eleventh Amendment bars suits against the State and its employees in their official capacity for money damages unless waived by the State or Congress. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 97–103 (1984). The State of Florida has not waived its immunity. *Gamble v. Fla. Dep't Health and Rehab. Servs.*, 779 F.2d 1509, 1520 (11th Cir. 1986). Congress has also not waived the immunity of the states through Section 1983. *Edelman v. Jordan*, 415 U.S. 651 (1974). While Congress could abrogate the immunity of the states, it must express itself without equivocation, and it has not done so here. *Pennhurst*, 465 U.S. at 99. Therefore, Plaintiff cannot sue Defendants [the Secretary] or the State of Florida for civil damages.

Moreover, all claims asserted by Plaintiff seek to undermine his criminal conviction. It is clear that a prisoner may not seek to reduce his period of confinement pursuant to a civil rights claim. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Heck v. Humphrey*, 512 U.S. 477 (1994). An attack on the length or duration of confinement is essentially a habeas corpus claim which must be brought before the court through the filing of a petition under 28 U.S.C. § 2254, a step that has already been taken and relief has been denied. Plaintiff may not use a civil rights action as an attempt to gain habeas relief.

Plaintiff's claims, if proven, "necessarily imply the invalidity" of his term of imprisonment and thus are not cognizable under Section 1983. *Edwards v. Balisok*, 520 U.S. 641 (1997) (extending *Heck* to an inmate's procedural challenge to a disciplinary hearing that resulted in the loss of gain time). A claim for damages that is related to a conviction that has not yet been reversed or invalidated is not cognizable under 42 U.S.C. § 1983. *Heck*, 512 U.S. at 477.[1] To recover damages for allegedly unconstitutional conduct which led to a conviction and imprisonment, Plaintiff must prove that the conviction or sentence has been reversed on appeal, expunged by an executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Id.* Until that happens, a claim under Section 1983 has not yet arisen. *Id.* at [477–78]. Accordingly, this Court may not consider any of Plaintiff's claims in this case because all of them, if true, imply that Plaintiff's conviction was unconstitutional.

> [1] It matters not that Plaintiff seeks relief in the form of damages in addition to injunctive and declaratory relief.
>
> In light of the foregoing, it is respectfully recommended that Plaintiff's amended civil rights complaint be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for lack of subject matter jurisdiction, and because Plaintiff has sought relief from Defendants who are immune from suit under 28 U.S.C. § 1915(e)(2)(B)(iii) . . . .

Judge William Stafford adopted Judge Sherrill's recommendation. 4:01-cv-517-WS (N.D. Fla.), ECF No. 18. Hurley appealed, and the court of appeals denied leave to proceed *in forma pauperis* after determining that his appeal was frivolous. 4:01-cv-517-WS (N.D. Fla.), ECF No. 32.

In *Hurley v. Florida*, No. 5:03-cv-108-WTH (M.D. Fla.), ECF No. 1, Hurley sued the State of Florida, the United States, the Secretary of the Florida Department of Corrections, Judge Evans, Judge Holloway, a prosecutor, a public defender, and an appointed counsel. He asserted that the defendants violated his federal right to access to courts by failing to provide effective assistance of counsel, by failing to provide an adequate record on appeal, by failing to provide access to a prison law library managed by competent staff, and by causing the dismissal of his federal habeas petition as untimely. No. 5:03-cv-108-WTH (M.D. Fla.), ECF No. 1.

Judge William Hodges dismissed the complaint as frivolous (No. 5:03-cv-108-WTH (M.D. Fla.), ECF No. 11) (record citations omitted):

> Plaintiff, a prisoner of the State of Florida proceeding *pro se*, initiated this action by filing a class action[1] civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Florida government officials deliberately and conspiratorially act to deprive poor criminal defendants equal, equitable, and

10

meaningful access to the courts. Plaintiff is proceeding *in forma pauperis*.

> [1] Plaintiff seeks to represent "the class of poor Florida litigants, criminal defendants, and prisoner litigants who are denied meaningful access to the courts for the illegal class-based reason that they are poor."

### Relief Sought

(1) Plaintiff seeks a declaratory judgment that the trial, appellate review, and collateral proceedings afforded an indigent criminal defendant in the State of Florida, do not meet constitutional standards.

(2) After finding that the State has denied equal and equitable access to indigent criminal defendants, change the strict standards of the Antiterrorism and Effective Death Penalty Act.

(3) Award Plaintiff actual, compensatory, and punitive damages for being falsely imprisoned for ten years.

. . .

### Discussion

This case is due to be dismissed as frivolous because Plaintiff has no chance of success. In *Heck v. Humphrey*[8], the Supreme Court of the United States found:

> [I]n order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . .

*Heck*, 512 U.S. at 487 (footnote omitted). Moreover, the Supreme Court stated that one reason for imposing such a requirement is

to prevent a convicted criminal defendant from collaterally attacking his criminal conviction through a civil suit. *Id.* at 484.

> [8] 512 U.S. 477, 114 S. Ct. 2364 (1994).

Upon review of the complaint, Plaintiff is alleging that the Defendants have created a system in which it is nearly impossible for an indigent criminal defendant in the State of Florida to receive a fair trial. Plaintiff specifically states that the appointment of a public defender deprives the poor criminal defendant of his right to the effective assistance of counsel. Further, Plaintiff states that the strict state and federal post-conviction procedural rules deprive a poor criminal defendant of meaningful review of his conviction. In support of his position, Plaintiff outlines the facts surrounding his own Florida state conviction, the ineffectiveness of his trial counsel,[9] and the inadequacies surrounding his own attempts at post-conviction review.

> [9] Plaintiff was represented at trial by the Office of the Public Defender, Thirteenth Judicial Circuit.

It is clear in this case that a decision favorable to Plaintiff would necessarily imply the invalidity of his conviction[10] and that Plaintiff has failed to make a showing that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus.[11] Accordingly, Plaintiff has no chance of success on the merits of his claims and this case is due to be dismissed as frivolous.

> [10] *Harden v. Pataki*, 320 F.3d 1289, 1291 (11th Cir. 2003) (citing *Heck*, 512 U.S. at 487).

> [11] In fact, Plaintiff's federal habeas [petition] under 28 U.S.C. § 2254 was dismissed as time barred on October 13, 1999. *See Hurley v. Moore*, No. 8:98-cv-1028-SDM-MAP (M.D. Fla. 1998). That decision was affirmed on appeal to the Eleventh Circuit. *See Hurley v. Moore*, 233 F.3d 1295 (11th Cir.), *cert. denied*, 532 U.S. 1013, 121 S. Ct. 1746 (2001).

Hurley appealed, and the court of appeals denied Hurley's motion for leave to appeal *in forma pauperis* and dismissed the appeal as frivolous (No. 5:03-cv-108-WTH (M.D. Fla.), ECF No. 19):

> Upon reconsideration of this Court's order dated October 27, 2003, appellant's motion for leave to proceed [*in forma pauperis*] is denied and this appeal is dismissed as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i). Appellant has cited no case law suggesting that there exists an exception to the abuse-of-discretion standard of review for a district court's frivolity dismissal of a prisoner lawsuit, nor has he cited any case law from this Court in support of the proposition that a district court may not dismiss a complaint with prejudice when it is barred by the doctrine established in *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).
>
> Furthermore, because appellant's criminal and post-conviction proceedings in state court had terminated no later than 1998, more than four years before he filed the complaint at issue here, any claims with respect to those proceedings are barred by the applicable four-year statute of limitations. *See Burton v. City of Belle Glade*, 178 F.3d 1175, 1188 (11th Cir. 1999). Finally, appellant has failed to identify any specific case within the limitations period in which he was denied his constitutional right to meaningful access to the courts.

In *Hurley v. Florida*, No. 5:05-cv-212-WTH-GRJ (M.D. Fla.), ECF No. 1, Hurley sued the State of Florida, the United States, the Secretary of the Florida Department of Corrections, Judge Evans, Judge Holloway, a prosecutor, and two public defenders. He asserted that the defendants denied his federal right to access to courts by failing to provide effective assistance of counsel, by failing to provide an adequate record on appeal, by unfairly denying his post-conviction claims as procedurally defaulted, by causing the dismissal of his federal habeas petition as untimely, and by screening and dismissing his earlier federal civil rights complaint under the Prison Reform Litigation Act. No. 5:05-cv-212-WTH-GRJ (M.D. Fla.), ECF No. 1.

Judge Hodges dismissed the complaint as frivolous (No. 5:05-cv-212-WTH-GRJ (M.D. Fla.), ECF No. 10) (record citations omitted):

> This case was initiated upon the filing of a civil rights complaint on April 28, 2005. Plaintiff was granted permission to proceed as a pauper on May 3, 2005.
>
> The Complaint
>
> In the complaint, Plaintiff alleges that the defendants, the State of Florida, the United States of America, two state judges, an assistant state attorney, and two state public defenders, all conspired to deprive poor prisoner litigants with equal and meaningful access to the courts.[1] Specifically, Plaintiff alleges that during his state criminal proceedings, the defendants conspired to deprive Plaintiff of constitutionally adequate process. These conspiratorial acts resulted in Plaintiff's state criminal conviction and sentence, and the denial of his appeals and other post-conviction review. Moreover, when Plaintiff attempted to raise these issues in a prior federal civil rights complaint, the federal district court, appellate court, and even the Supreme Court of the United States, denied Plaintiff meaningful access to the courts by violating his procedural due process rights.
>
> > [1] Plaintiff attempts to bring this case as a class action, however, class certification would clearly be inappropriate in this instance. First, Plaintiff fails to comply with Local Rule 4.04 as he has failed to provide "detailed allegations of fact showing the existence of the several prerequisites to a class action as enumerated in Fed. R. Civ. P. 23(a) and (b)." Second, class representatives cannot appear *pro se*. Pursuant to Fed. R. Civ. P. 23(a)(4), a class representative must "fairly and adequately protect the interests of the class." It is well established that while a litigant may bring his own claims to federal court without counsel, the *pro se* litigant cannot bring the claims of others. *See Fymbo v. State Farm Fire and Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000); *see also Fowler v. Lee*, 18 F. App'x 164, 165 (4th Cir. 2001) (stating that it is "plain error for a *pro se* inmate to represent other inmates in a class action"); *Howard v. Dougan*, 221 F.3d 1334 (6th Cir. 2000) (concluding

14

that an incarcerated *pro se* litigant could not represent a class); *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998) (holding that a *pro se* litigant cannot represent other litigants in federal court); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308–09 (2d Cir. 1991) (refusing to permit a *pro se* litigant to represent other litigants in federal court).

. . .

## Discussion

A review of the Court's docket reveals that this is the second time that Plaintiff has raised his claim that he was denied adequate and meaningful access to the courts during his state criminal proceedings. In Middle District of Florida case number 5:03-cv-108-WTH-GRJ, Plaintiff's claims were dismissed under 28 U.S.C. § 1915 because Plaintiff had no chance of success on the merits.[10] The Court found that under the doctrine of *Heck v. Humphrey*,[11] a decision favorable to Plaintiff on his claims would necessarily imply the invalidity of his conviction and that Plaintiff had failed to make a showing that his conviction or sentence had been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus.[12]

---

[10] *Hurley v. Florida*, No. 5:03-cv-108-WTH-GRJ (M.D. Fla. 2003), ECF No. 11.

[11] 512 U.S. 477 (1994).

[12] *Harden v. Pataki*, 320 F.3d 1289, 1291 (11th Cir. 2003) (citing *Heck*, 512 U.S. at 487).

---

The only new issue Plaintiff raises in the instant complaint is this Court's use of the PLRA as a basis for denying Plaintiff's previous complaint. However, that issue is properly raised on direct appeal of the Court's previous order, and in fact, was raised on appeal of that case to the Eleventh Circuit Court of Appeals. The Eleventh Circuit found Plaintiff's appeal to be unsubstantiated and frivolous.[13] Further, the Eleventh Circuit alternatively found that Plaintiff's claims involving his state criminal proceedings were barred by the applicable four-year statute of limitations.

15

> [13] *See Hurley v. Florida*, No. 5:03-cv-108-WTH-GRJ (M.D. Fla.), ECF No. 19.

> Accordingly, all of the claims raised in the instant case have previously been adjudicated. Therefore, Plaintiff has no chance of success on the merits and this case is due to be dismissed as frivolous.

Hurley appealed, and the court of appeals dismissed his appeal for lack of prosecution. No. 5:05-cv-212-WTH-GRJ (M.D. Fla.), ECF No. 17.

In *Hurley v. United States*, No. 1:14-cv-140-MW-GRJ (N.D. Fla.), ECF No. 1, Hurley filed a fourth civil rights complaint, sued the United States, the State of Florida, and the Secretary of Florida Department of Corrections, and alleged facts arising from his state criminal case, post-conviction and federal habeas proceedings, and federal civil rights cases. He asserted that the defendants violated his federal right to access to courts and raised facial and as-applied challenges to state and federal statutes. No. 1:14-cv-140-MW-GRJ (N.D. Fla.), ECF No. 1. Judge Mark Walker adopted Judge Gary Jones's recommendation to dismiss the complaint under 28 U.S.C. § 1915(g), the Prison Reform Litigation Act's three "strikes" provision. No. 1:14-cv-140-MW-GRJ (N.D. Fla.), ECF No. 6. Hurley appealed, and the court of appeals dismissed his appeal for lack of prosecution. No. 1:14-cv-140-MW-GRJ (N.D. Fla.), ECF Nos. 16 and 20.

"Under res judicata, also known as claim preclusion, a final judgment on the merits bars the parties to a prior action from re-litigating a cause of action that was or could have been raised in that action." *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001). "A subsequent suit is barred under the doctrine of claim preclusion when the following four elements are present: (1) there is a final judgment on the merits, (2) the decision was rendered by a court of competent jurisdiction; (3) the same cause of action is involved in both cases;

16

and (4) the parties, or those in privity with them, are identical in both suits." *Baloco v. Drummond Co., Inc.*, 767 F.3d 1229, 1246 (11th Cir. 2014). "The court next determines whether the claim in the new suit was or could have been raised in the prior action; if the answer is yes, res judicata applies." *In re Piper Aircraft Corp.*, 244 F.3d at 1296. "'[I]f a case arises out of the same nucleus of operative fact[s], or is based upon the same factual predicate, as a former action, [ ] the two cases are really the same claim or cause of action for purposes of res judicata.'" *In re Piper Aircraft Corp.*, 244 F.3d at 1296 (citation omitted).

The claims in Hurley's amended complaint in this case arise from the same facts and circumstances as the complaints in his earlier federal civil rights complaints. Hurley sues the same defendants whom he sued in No. 4:01-cv-517-WS (N.D. Fla.), No. 5:03-cv-108-WTH (M.D. Fla.), and No. 5:05-cv-212-WTH-GRJ (M.D. Fla.) — the Secretary of the Florida Department of Corrections, the United States, and the State of Florida. (Doc. 6 at 7–8) He alleges that the trial judge in his state criminal case failed to comply with *Faretta*, appellate counsel failed to provide documents from the record on direct appeal, prison officials failed to provide an adequate prison law library managed by competent staff, the post-conviction court and federal habeas court erroneously denied relief, and a federal court erroneously dismissed his federal civil rights complaint. (Doc. 6 at 24–32) His facial and as-applied challenges to statutes, rules, and regulations arise from alleged violations of his federal right to access to courts during his state court criminal case, his post-conviction and federal habeas proceedings, and his first, second, and third federal civil rights cases. (Doc. 6 at 33–97) Because Hurley could have raised the facial and as-applied challenges in the earlier federal civil rights cases, res judicata bars those claims.

The only claim that Hurley could not have raised in the first, second, and third federal civil rights cases is his challenge to 28 U.S.C. § 1915(g), the PRLA's three "strikes" provision. On August 27, 2014, in the fourth federal civil rights case, Judge Walker adopted Judge Jones's recommendation to dismiss the action under Section 1915(g). *Hurley*, No. 1:14-cv-140-MW-GRJ (N.D. Fla.), ECF No. 6. Hurley could have raised his facial and as-applied challenges to Section 1915(g) in that fourth federal civil rights case. Also, a four-year statute of limitation applies to Hurley's challenges to Section 1915(g). *Doe as Next Friend of Doe #6 v. Swearingen*, 51 F.4th 1295, 1303 (11th Cir. 2022). Because Hurley became aware of the facts supporting the claims in 2014 and placed in the hands of prison officials for mailing the civil rights complaint in this action on February 7, 2023 (Doc. 1-2 at 2), the claims are barred by the four-year limitation. Lastly, *Rivera v. Allin*, 144 F.3d 719 (11th Cir. 1998), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007), rejected a constitutional challenge to Section 1915(g) and held that the three "strikes" provision does not violate an inmate's right to access to courts.

Accordingly, Hurley's amended complaint (Doc. 6) is **DISMISSED** as barred by res judicata and for failure to state a claim. 28 U.S.C. § 1915A(b). Because a more carefully drafted complaint could not state a claim, Hurley is not granted leave to amend. *Woldeab v. Dekalb Cty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018). All pending motions (Docs. 7, 11, 15, 24, 25, 28) are **DENIED** as moot. The Clerk is **DIRECTED** to **CLOSE** this case.

**DONE AND ORDERED** in Tampa, Florida on January 30, 2024.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE